IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOAN FOYE WYNN, *as Personal Representative of the Estate of John Henry Foye, deceased*, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:08-CV-990-WKW [WO] |
| LEWIS TRUCKING COMPANY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Swift Transportation Co. ("Swift Transportation") and John E. Nunez ("Nunez") removed this case from the Circuit Court of Montgomery County, Alabama, on December 15, 2008. (Doc. # 4.) Defendants Lewis Trucking Company, Andrew David Carter Jr., American Timber and Steel Co. Inc., and Midwest Wood Products, Inc., later joined and consented to removal. (Docs. # 6, 8, 13.) Defendants removed on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Pet. Removal 2.) They claim, as the ground for removal, that Defendants Kenneth Jones ("Jones") and Defendant Leeposey Daniels ("Daniels") were fraudulently joined to the action and that without them, complete diversity of citizenship exists.[1] (Pet. Removal 3.) Plaintiff Joan Foye Wynn ("Wynn") filed a timely motion to remand for lack of subject matter jurisdiction, with an accompanying brief. (Docs.

---

[1] Defendants' amendment (Doc. # 21) to their petition for removal does not affect the outcome of this ruling.

# 18 & 19.)  Swift Transportation and Mr. Nunez responded to the motion (Doc. # 27).[2] American Timber and Steel Co. Inc. filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and a supporting brief. (Docs. # 24 & 25.)[3]

Ms. Wynn's Motion to Remand challenges jurisdiction on two grounds.  It opposes Defendants' assertion of fraudulent joinder, and denies that the requisite amount in controversy has been met.  (Mot. Remand Br. 1.)  If non-diverse parties are fraudulently joined to an action, their citizenship will not be considered for purposes of determining diversity jurisdiction.  *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (per curiam).[4]  The Eleventh Circuit recognizes three forms of fraudulent joinder.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)).  The one relevant to this case is fraudulent joinder "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant."  *Id.*

---

[2] Lewis Trucking Company adopted their response.  (Doc. # 28.)

[3] Ms. Wynn is one of seven plaintiffs who have removed lawsuits to this district from state court stemming from this accident.  Judge Thompson remanded the three cases before him for failure to prove fraudulent joinder or fraudulent misjoinder.  (Docket No. 2:08cv986 (Doc. # 37); Docket No. 2:08cv989 (Doc. # 28); Docket No. 2:08cv992 (Doc. # 26).)

[4] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

The removing party bears the burden of proving fraudulent joinder, and the burden is "heavy." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted). "[A]ll factual issues and questions of controlling substantive law" must be viewed in the light most favorable to the plaintiff, and "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41; *accord Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Although for purposes of determining fraudulent joinder, courts may consider affidavits and deposition transcripts submitted by either party, in addition to the plaintiff's pleadings at the time of removal, *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005), "the jurisdictional inquiry must not subsume substantive determination," *Crowe*, 113 F.3d at 1538 (internal quotation marks and citation omitted). Courts must be "certain" of their jurisdiction and "are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* (internal quotation marks and citation omitted).

Defendants here have not proven fraudulent joinder. The Complaint alleges negligence against Mr. Jones and Mr. Daniels, and alleges specifically that they "acted willfully and beyond their authority" and acted in violation of agency policy. (Compl. ¶¶ 32-35 (Pet. Removal Ex. 1).) Ms. Wynn's brother John Henry Wynn died in a vehicle accident on October 3, 2008. (Compl. ¶¶ 1, 11-26.) Mr. Wynn and other job applicants for employment with the Alabama Department of Corrections ("ADOC") were riding to another

3

location for employment evaluations in a van used to transport prisoners, when a truck allegedly hit the van head-on while on the highway. (Compl. ¶¶ 11-24.) The van caught fire, and the passengers burned to death because they were allegedly unable to escape; the van had been modified to remove inside door handles, the rear section was set off from the front section by a metal cage, and the windows were screened to prevent escape. (Compl. ¶¶ 14, 25-26.) Mr. Daniels was the warden of the facility from which the applicants were traveling (Compl. ¶¶ 8, 12), and "was responsible to oversee the modification of the van used to transport the applicants and had a duty to ensure the safe travel of those applicants" (Compl. ¶ 15). Mr. Jones was the warden of the facility from which the van departed (Compl. ¶¶ 7, 12), and had "instructed other ADOC employees that applicants be transported in a prisoner van from which escape was not possible in case of an emergency," and "had full knowledge of the extreme danger to those applicants being transported in a prisoner van which prohibited escape from the van in case of an emergency" (Compl. ¶¶ 16-17).

      Defendants argue on removal that Ms. Wynn "cannot establish any set of facts that would show either Mr. Daniels or Mr. Jones 'had a duty to oversee the modification of the van.'" (Pet. Removal 6.) Defendants' factual basis is that the van modifications were made at Draper Fleet Services, which had no connection to Mr. Daniels's facility. (Pet. Removal 6.) First, the allegation related to the van modification applies to Mr. Daniels; it is unclear how Defendants' point is relevant to the fraudulent joinder claim against Mr. Jones. Second, even if Defendants' factual assertion is true, it does not speak to whether Mr.

4

Daniels had a *duty* to oversee the van modifications or to ensure safe travel, and does not preclude the possibility that the development of other facts *could* show a duty and breach.

The more developed theory for fraudulent joinder is Defendants' state-agent immunity argument. Defendants contend that, because Mr. Daniels and Mr. Jones are entitled to immunity as state agents, Ms. Wynn cannot state a viable claim against them. (Pet. Removal 7-9; Remand Resp. 3-5.) Defendants acknowledge that there are exceptions to the application of state-agent immunity, but state that the motions and affidavits show that Mr. Daniels and Mr. Jones are not entitled to those exceptions. (Pet. Removal 8.) Ms. Wynn's response accurately recognizes, however, that the state of the law in Alabama on state-agent immunity "is anything but settled" and "depends on the specific facts." (Mot. Remand Br. 13.) State agents are *not* entitled to immunity if they "failed to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist, or acted willfully, maliciously, fraudulently, in bad faith, beyond [] authority, or under a mistaken interpretation of the law." *Ex parte Ala. Dep't of Mental Health & Retardation*, 837 So. 2d 808, 814 (Ala. 2002) (quoting *Ex parte Butts*, 775 So. 2d 173, 178 (Ala. 2000)). Factual development is crucial to determining whether state agents fall into these exceptions to immunity.

There has not been enough factual development at this stage to find that there is no possibility that Ms. Wynn can prove a claim against Mr. Daniels and Mr. Jones. Although negligence falls below the standard of malicious, willful, or fraudulent behavior, a claim of negligence does not *preclude* proving facts that support a *higher* level of culpability. Furthermore, the possibility that Mr. Daniels or Mr. Jones acted outside of his authority or

5

failed to discharge duties pursuant to rules and regulations is not foreclosed by an assertion of negligence. Indeed, Ms. Wynn asserts in her negligence count that Mr. Daniels and Mr. Jones "acted willfully and beyond their authority," and additionally alleges that they acted in violation of ADOC policy. Only further factual development can determine whether Mr. Daniels or Mr. Jones can successfully assert state-agent immunity.

Viewing the facts and applicable law in the light most favorable to Ms. Wynn, Defendants have not supported their burden of establishing that the non-diverse parties, Mr. Daniels and Mr. Jones, were fraudulently joined in this action. The issue on fraudulent joinder is whether it can be definitely stated at this stage that the claims are foreclosed. It quite simply cannot. Because remand is justified for lack of diversity of citizenship (*see* Compl. ¶¶ 1, 7-8), it is not necessary to address whether the amount in controversy has been satisfied.[5]

Accordingly, it is ORDERED that:

(1)     Ms. Wynn's Motion to Remand (Doc. # 18) is GRANTED;

(2)     This case is REMANDED to the Circuit Court for Montgomery County, Alabama; and

(3)     The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

---

[5] It is also unnecessary to resolve the motion to dismiss for lack of personal jurisdiction. "[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).

DONE this 27th day of February, 2009.

                       /s/  W.  Keith Watkins
                       UNITED STATES DISTRICT JUDGE